IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY SMITH                                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 1:13-cv-503-MTP

EMMITT SPARKMAN, ET AL.                                                        DEFENDANTS

**ORDER**

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [41]. Having considered the Motion, applicable law, and case record, the Court finds that the Motion [41] should be granted.

**BACKGROUND**

On October 25, 2012, Plaintiff Ricky Smith, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where he is currently incarcerated. In his complaint and as clarified in his testimony at the *Spears*[1] hearing, Plaintiff asserts claims against Emmitt Sparkman, Ron King, Regina Hancock, and Timothy Barnes.

Plaintiff alleges that on May 8, 2012, multiple corrections officers, including Defendants Timothy Barnes and Regina Hancock, escorted Plaintiff out of his cell and then searched his cell. According to Plaintiff, his flat-screen television was functioning and securely fastened to a rack near his bed prior to the search. Plaintiff alleges that when he returned to his cell, his television and the cords that had been securing it were broken. Plaintiff did not witness the incident and

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

does not know who damaged his television or how the damage occurred.

Allegedly, a warden at SMCI arranged for the television to be taken to the maintenance department for repair, but the television could not be repaired.  Plaintiff alleges that he informed Defendants Emmitt Sparkman and Ron King about the damage to his television, but these Defendants failed to repair or replace his television.  Plaintiff also claims that these two Defendants, as supervisory officials, were ultimately responsible for the damage to his television.

As relief, Plaintiff seeks reimbursement for his television in the amount of $236.47, or in the alternative, he seeks to have his television repaired.  Additionally, Plaintiff seeks recovery of his court costs.  Defendants have moved for summary judgment, arguing that they are entitled to a judgment as a matter of law.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis

omitted).

## ANALYSIS

As for Defendants Sparkman and King, Plaintiff's allegations against them do not give rise to a constitutional claim. Plaintiff alleges that these Defendants, as supervisory officials, were ultimately responsible for the damage to his television. It is well-settled, however, that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klien*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff has not shown that Defendants Sparkman or King was personally involved in the alleged destruction of his television or that they implemented an unconstitutional policy that causally resulted in the destruction of his television.

Plaintiff also alleges that he informed Defendants Sparkman and King about the damage to his television but they failed to rectify the situation. This claim, however, simply does not give rise to a constitutional claim. *See Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. 2007) (holding that a plaintiff's allegation that a warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x. 494,

3

495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at \*3 (S.D. Miss. Nov. 21, 2006) (stating that a claim for "failure to investigate" did not amount to a constitutional violation). Moreover, Plaintiff had no constitutional right to a grievance procedure and has no due process liberty interest in having his grievance resolved to his satisfaction. *See Geiger v. Jower*, 404 F.3d 371, 374-75 (5th Cir. 2005). Accordingly, Defendants Sparkman and King are entitled to summary judgment.

As for Plaintiff's remaining claims, "[u]nder the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995) (citations omitted); *see also Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). The *Parratt/Hudson* doctrine applies when: "(1) the deprivation was unpredictable or unforeseeable; (2) predeprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority." *Smith v. Epps*, 326 Fed. App'x. 764, 765 (5th Cir. 2009). This doctrine applies whether the random unauthorized deprivations of property were negligent or intentional. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson*, 468 U.S. at 533. However, "[c]onduct is not considered 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quoting *Zinermon v. Burch*, 494 U.S. 113, 138 (1990)).

It is well-established that neither negligent nor intentional deprivations of property

violate due process where there is an adequate state tort remedy available. *Daniels*, 474 U.S. at 328; *Hudson*, 468 U.S. at 533. The Fifth Circuit has upheld the dismissal of prisoners' suits for property deprivation because of the availability of state law remedies. *See, e.g., Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mississippi provides a remedy for the deprivation of Plaintiff's property. *See Johnson v. King*, 85 So. 3d 307 (Miss. App. 2012) (finding confiscation of inmate's drinking mug to violate the Takings Clause of the state constitution); *see also Lester v. Lee*, 2014 WL 2505666, at *2 (N.D. Miss. June 3, 2014) (finding that a plaintiff's remedy for the taking of property arises from Mississippi's Constitution and, therefore, is not foreclosed by the Mississippi Tort Claims Act's prohibition of inmates' claims against governmental entities and their employees acting within the course and scope of their employment); *Montgomery v. Palmer*, 2013 WL 5423910, at *4 (N.D. Miss. Sept. 26, 2013). It is Plaintiff's burden to establish that this post-deprivation remedy is inadequate. *Myers*, 97 F.3d at 94-95. Plaintiff has failed to allege, much less provide evidence, that the remedy is inadequate.

Plaintiff has not alleged that the property deprivation was made in accordance with any policy, practice, or custom or was in any other way "authorized." *Smith*, 326 Fed. App'x. at 765. Accordingly, Plaintiff's remedy for the alleged property deprivation lies not in a Section 1983 action, but in a claim under state law. *See Sossamon v. Williams*, 270 Fed. App'x. 323, 325 (5th Cir. 2008) (holding that prisoner's claim was barred by the *Parratt/Hudson* doctrine where there was no genuine issue whether the officer's actions were random and unauthorized and where prisoner had an adequate post-deprivation remedy for the destruction of his property).

Accordingly, Defendants Hancock and Barnes are entitled to summary judgment.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment [41] should be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment [41] is GRANTED and this action is dismissed with prejudice.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED, this the 4th day of February, 2015.

> s/ Michael T. Parker
> United States Magistrate Judge